UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------X
:
WEEKS MARINE, INC., :
:
      Plaintiff, :   CIVIL NO.:
:
- against - :   **VERIFIED COMPLAINT**
:   <u>**IN REM**</u>
CARGO OF SCRAP METAL LADENED :
ABOARD THE SUNKEN BARGE CAPE RACE, :
:
   *In Rem* Defendant :
---------------------------------------------------------------X   JULY 14, 2008

      Plaintiff, Weeks Marine, Inc, ("Weeks"), by its attorneys Nicoletti Hornig & Sweeney and Robert K. Marzik, Esq., as and for its Complaint herein asserting an *in rem* claim against a cargo of scrap metal ladened aboard the sunken Barge CAPE RACE, alleges upon information and belief as follows:

      1.    This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h).

## **PARTIES**

      2.    Plaintiff Weeks is a corporation organized and existing under the laws of New Jersey, with an office and principal place of business at 4 Commerce Drive, Cranford, NJ

07016-3589 and a marine contractor engaged in, *inter alia*, the salvage of vessels and their cargoes.

3.  At all relevant times, the *in rem* defendant cargo of scrap metal ladened aboard the sunken barge CAPE RACE was, and still is, within the jurisdiction of this Court.

## **FACTUAL BACKGROUND**

4.  On or about November 17, 1984, while in tow of the Tug CELTIC enroute from Bridgeport, CT to Newark, NJ, the Barge CAPE RACE sank in the Connecticut waters of Long Island Sound, together with her cargo of scrap metal. The Tug CELTIC also sank, resulting in the loss of her six-man crew.

5.  The location of the Tug CELTIC and the Barge CAPE RACE is well known and appears on public maps of dive locations in Long Island Sound. The Tug is marked with a buoy to assist divers in locating the underwater wreck. The Barge is sitting upright on the bottom of Long Island Sound with the cargo of scrap metal in tact.

6.  This Court has, or will have during the pendency of this action, jurisdiction in personam over any potential claimant and/or competing salvor by virtue of their contacts with this forum, the relationship of the potential claimant and/or salvor to the cargo of scrap metal, and the nature of Weeks's action.

## AS AND FOR A FIRST CAUSE OF ACTION FOR INJUNCTIVE RELIEF GRANTING WEEKS EXCLUSIVE SALVAGE RIGHTS

7. Weeks repeats and realleges each and every allegation contained in paragraphs 1 to 6 above.

8. Weeks is the first and only salvor to commence preparations to salvage the cargo of scrap metal aboard the Barge CAPE RACE. To that end, it has performed dives on the Barge CAPE RACE to verify the condition of the Barge and the cargo of scrap metal to confirm that the cargo can be successfully salvaged without damage or disruption to the environment and have begun the process of assembling the necessary equipment and personnel and obtaining the necessary regulatory authorizations to undertake the salvage operation.

9. This Court's exercise of jurisdiction over any competing claimants and/or salvors is necessary to prevent irreparable injury to Weeks; to allow Weeks to continue to pursue its salvage operation without interference; to maintain the cargo of scrap metal in this District; and to prevent destruction of this Court's actual and potential jurisdiction.

10. Weeks has invested substantial time, money and effort in researching the history of the cargo of scrap metal, performing preliminary dives on the Barge and preparing for the actual recovery of the cargo.

11. Weeks is actively proceeding with the salvage of the cargo of scrap metal ladened aboard the sunken barge CAPE RACE and Weeks has the present ability and intention to successfully complete the salvage of the cargo.

12. The rights and efforts of Weeks, the economic value and integrity of the cargo of scrap metal ladened aboard the Barge CAPE RACE, the successful recovery of the lost and abandoned cargo from marine peril, and the safety of life and limb mandate that Weeks be protected by this Court in maintaining exclusive dominion and control over the salvage activities without interference by third parties.

13. Allowing any interference with Weeks's salvage operations would substantially and irreparably injure Weeks, would be inequitable, would be harmful to the public good, would constitute a significant hazard to safe and successful salvage operations, and would be contrary to a balancing of the respective interests of the parties and the comparative hardships borne.

14. In order to adequately protect the security of Weeks's salvage operations, this Court should enter an injunction prohibiting any rival salvors from conducting search, scuba diving and/or salvage operations in the immediate vicinity of the sunken Barge CAPE RACE.

### AS AN FOR A SECOND CAUSE OF ACTION FOR A DECLARATION OF POSSESSION AND OWNERSHIP PURSUANT TO THE LAW OF FINDS

15. Weeks repeats and realleges each and every allegation contained in paragraphs 1 to 14 above.

16. Upon completion of the salvage operation, Weeks will be the rightful salvor in possession of the cargo ladened aboard the Barge CAPE RACE and will have taken such actions as are necessary to constitute dominion and control over the cargo.

17. As there is no extant owner of the cargo which has been abandoned for more than twenty years even though the location of the Barge was well known, pursuant to the maritime law of finds, Weeks is entitled to the exclusive title, ownership and possession of the cargo.

### AS AN FOR AN ALTERNATIVE THIRD CAUSE OF ACTION FOR A GENEROUS SALVAGE AWARD

18. Weeks repeats and realleges each and every allegation contained in paragraphs 1 to 17 above.

19. The cargo of scrap metal ladened aboard the sunken Barge CAPE RACE is subject to marine peril and in an utterly helpless condition from which the cargo can only be rescued by the voluntary and successful salvage services to be provided by Weeks.

20. Weeks is under no legal obligation or official duty to render salvage services to the cargo of scrap metal ladened aboard the sunken Barge CAPE RACE.

21.     Weeks's successful salvage services will rescue the cargo of scrap metal ladened aboard the sunken Barge CAPE RACE from marine peril and return the cargo to the stream of commerce from which it was lost.

22.     Weeks, by virtue of the salvage services to be rendered, the private risk capital to be expended and the time to be spent and the danger to be incurred in salvaging the cargo of scrap metal ladened aboard the sunken Barge CAPE RACE, will be entitled to a liberal salvage award once the cargo is successfully salvaged.

WHEREFORE, plaintiff Weeks prays that:

1.     Weeks be declared the sole and exclusive salvor with rights to salvage the cargo of scrap metal ladened aboard the sunken Barge CAPE RACE;

2.     Pursuant to Rule C (3) of the Supplemental Rules for Admiralty and Maritime Claims, process *in rem* issue in due form, in accordance with the practice of this Honorable Court in causes of admiralty and maritime jurisdiction, against the cargo of scrap metal ladened aboard the sunken Barge CAPE RACE with notice to all persons claiming an interest in the cargo of scrap metal ladened aboard the sunken Barge CAPE RACE to appear and answer this Complaint and to show cause as to why the cargo, once it is successfully salvaged, should not be:

(i)     delivered to plaintiff Weeks as having full ownership, title and right to possession of the abandoned property under the maritime law of finds; or

(ii) alternatively, sold or appropriately disposed of in satisfaction of any judgment in favor of plaintiff Weeks for a liberal salvage award; and

3. Weeks be declared the true, sole and exclusive owner of the cargo of scrap metal ladened aboard the sunken Barge CAPE RACE once it is successfully salvaged; and

4. Alternatively to the relief requested in item 3 above, Weeks be awarded a liberal salvage award in specie, with the amount of the award to be determined by the Court pursuant to the maritime law of salvage; and

5. Weeks be granted such other and further relief as this Court may deem right and appropriate.

Dated at Stratford, Connecticut

THE PLAINTIFF

By: _____
Robert K. Marzik, Esq. (ct05296)
Law Offices of Robert K. Marzik, P.C.
1512 Main Street
Stratford, CT  06615
Telephone:  (203) 375-4803
Facsimile:   (203) 386-0136
e-mail:  rkm@marziklaw.com

Nicoletti Hornig & Sweeney
Wall Street Plaza, 88 Pine Street
New York, NY 10005
Telephone:  (212) 220-3830
Facsimile:   (212) 220-3780
e-mail: tstoltz@nicolettihornig.com